

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RACHEL A. CLINGENPEEL,

    Plaintiff

versus

FMA ALLIANCE, LTD.; FMA MANAGEMENT, INC.; JANE SMITH a/k/a "Ms. Hall"; and ABC INSURANCE COMPANY,

    Defendants

CIVIL ACTION

**08-3702**

SECTION

MAGISTRATE **SECT. I MAG 1**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT – JURY TRIAL REQUESTED

NOW INTO COURT through undersigned counsel comes plaintiff, Rachel A. Clingenpeel, who asserts the following.

1.

This is an action for damages and other relief resulting from defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA"), which prohibits debt collectors from engaging in deceptive, abusive, and unfair debt collection practices, and for violations of state laws.

### Jurisdiction and Venue

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in the Eastern District of Louisiana, as it is the judicial district wherein a substantial part of the events relevant to the claims made herein

1

occurred. This court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## Parties

3.

Plaintiff, Rachel A. Clingenpeel, resides in New Orleans, Louisiana. Plaintiff is a "consumer" as defined at 15 U.S.C. § 1692a(3).

4.

Defendant, FMA Alliance, Ltd. (hereafter "FMA Alliance"), is a Texas domestic limited partnership with its principal office located in Houston, Texas. FMA Alliance is registered as a collection agency with the Louisiana Secretary of State.

5.

FMA Alliance is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

6.

Defendant, FMA Management, Inc. (hereafter "FMA Management"), is the general partner of FMA Alliance, and is a Texas domestic for-profit corporation with its principal office located in Houston, Texas.

7.

FMA Management is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

8.

Jane Smith a/k/a "Ms. Hall" is the fictitious name of an unidentified person who will be named as a defendant upon discovery of her real name. At all times relevant, Jane Smith was acting in the course and scope of her duties as an employee or agent of FMA Alliance.

9.

Jane Smith a/k/a "Ms. Hall" is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

10.

ABC Insurance Company is the fictitious name of a liability insurance provider and a bond issued in favor of one or more of the defendants, which policy and bond cover the claims made herein. ABC Insurance Company is liable *in solido* with the defendants pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:655.

**Facts**

11.

On May 9, 2008 plaintiff's father received a telephone call from someone who identified herself as "Ms. Hall" from FMA Alliance. "Ms. Hall" told plaintiff's father that she was calling about an overdue Chase credit card account that his daughter Rachel had opened. She told him that the account was co-signed by his wife Sandy (Rachel's stepmother). Rachel's father expressed skepticism that his wife would have co-signed a credit card for Rachel. In response, Hall asked if his wife would be willing to file charges against Rachel if she had fraudulently listed her as a co-signer. Hall asked him to have his wife call her about the matter, and left her number.

12.

When Sandy got home that evening, plaintiff's father told her about the call from "Ms. Hall." Sandy returned the call. When "Ms. Hall" came on the line, she told Sandy that she was a co-signer on a credit card that Rachel had opened in 1997. Sandy informed Hall that Rachel was an adult and was not living at home in 1997, and denied

that she had co-signed on a credit card. Hall replied that her name was on the paperwork as a co-signer and that her company was going to get the money from her if they couldn't get it from Rachel. Hall recited to Sandy the last four digits of her (Sandy's) Social Security number. Hall also asked if she wanted to press charges against Rachel. Sandy asked "what for," to which Hall replied "for fraud." She asked Hall what she was talking about, to which Hall replied that Rachel may have committed fraud if her name was on the paperwork as a co-signer when she hadn't signed.

13.

Plaintiff's stepmother was not a co-signer on plaintiff's credit card.

14.

Hall did not have paperwork listing plaintiff's stepmother as a co-signer.

15.

The same evening, plaintiff's father called her and informed her of the calls from Hall.

16.

The same evening, Hall left a message on plaintiff's voicemail, identifying herself as being with FMA Alliance, and asking her to return the call regarding a matter concerning her and her stepmother.

17.

On Monday, May 12, 2008, plaintiff returned the call to Hall. Hall came on the line and identified herself. During this conversation, Hall told plaintiff that the account was in her name with her "mother" as a co-signer. Plaintiff denied that her mother was on the account, and requested validation. Hall responded by telling plaintiff that she was

requesting validation as a "stall tactic," and that providing validation would be a problem because once it was provided, FMA would have 48 hours to "make a decision" and "move on the account." Hall also told plaintiff: "I can tell you your whole life story" by reading her credit report, and proceeded to read plaintiff several tradelines from her credit report, her address, and the year, make and model of her car.

**Extortion**

18.

Hall's use of instrumentalities of interstate commerce, in which she threatened criminal prosecution against plaintiff "for fraud," for the purpose of obtaining a thing of value, constitutes criminal extortion under the laws of the United States, 18 U.S.C. §§ 873 (blackmail) and 875 (interstate communications), as well as under the Louisiana Criminal Code, La. Rev. Stat. Ann § 14:66, and the Texas Penal Code, Chapter 31.

19.

Under Louisiana law, a victim of the criminal act of another may recover civilly for all damages caused thereby.

**Violations of the FDCPA**

20.

The express purpose of the Fair Debt Collection Practices Act ("FDCPA") is to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(e).

21.

Defendants have violated the FDCPA, in respects including but not limited to

violations of 15 U.S.C. § 1692c(b), 15 U.S.C. § 1692d, and 15 U.S.C. § 1692e.

### Violations of the Texas Law

22.

Defendants' actions as described herein violate Sections 392.301, 392.302 and 392.304 of the Texas Finance Code.

23.

FMA Alliance maintains a bond as required by Section 392.101 of the Texas Finance Code.

24.

Defendants' actions as described herein constitute deceptive trade practices under Subchapter E, Chapter 17, Business and Commerce Code.

### Invasion of Privacy

25.

Hall's calls to her father and stepmother and the disclosure of personal matters constitutes the tort of invasion of privacy.

### Punitive and Exemplary Damages

26.

Defendants' conduct was malicious, intentional, willful, habitual and repetitive, designed to coerce and cause harm, and undertaken with reckless disregard for plaintiff's rights and the law.

27.

Plaintiff is entitled to recover punitive and exemplary damages pursuant to Louisiana Civil Code article 3546 and the laws of other states.

### **Vicarious Liability**

28.

At all times relevant, Hall was acting in the course and scope of her employment with FMA Alliance, in the furtherance of her employer's interests, and FMA Alliance is liable for her conduct through principles including, but not limited to, *respondeat superior* and vicarious liability.

29.

FMA Management, as the general partner of FMA Alliance, is directly, vicariously, and solidarily liable with FMA Alliance.

30.

As a result of defendants' actions, plaintiff has suffered actual damages including but not limited to distress.

31.

Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff prays for a judgment in her favor and against the defendants and their insurers jointly, severally, and in solido, for actual and additional damages, punitive and exemplary damages, reasonable attorney fees, costs and litigation expenses, interest, and for all other relief appropriate in the premises.

Respectfully submitted,

_____
STEVE R. CONLEY #21246
321 N. Vermont Street, Suite 204
Covington, LA 70433
PH: 985-892-7222  FAX: 985-892-7075

Please certify two copies of the complaint for service pursuant to the Louisiana Longarm Statute:

**FMA ALLIANCE, LTD.**
Through its general partner and agent:
FMA Management, Inc.
11811 North Freeway, Suite 900
Houston, TX 77060

**FMA MANAGEMENT, INC.**
Through its agent:
Jeffrey L. Speigelhauer
11811 North Freeway, Suite 900
Houston, TX 77060